**UNITED STATES of America,**

v.

**Gino BARBATI, Appellant.**

**No. 01–2076.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 22, 2002.

Jan. 30, 2002.

Before: NYGAARD and STAPLETON, Circuit Judges, and CAPUTO, District Judge.

MEMORANDUM OPINION
OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Gino Barbati, was convicted of violating 18 U.S.C. § 2313 (sale or receipt of stolen vehicle Count One) and 18 U.S.C. § 2 (aiding and abetting Count Two). He was sentenced to a term of 21 months of imprisonment. Barbati appeals raising the two issues listed below, taken verbatim from appellant's brief. Because we conclude that the District Court did not err, we will affirm.

I.

1. Did the trial court err in not instructing the jury as to how they should consider certain testimony?

2. Did the sentencing court err in enhancing appellant's sentence by two points under the specific offense characteristic section of U.S.S.G. 1B.1.3.

**12**

## II.

The evidence of record establishes that appellant either purchased or received a total of three stolen motor vehicles from individuals who were participating in a multi-state car theft ring. Barbati purchased two vehicles and set up the purchase of a third, for prices which were substantially below fair market value.

■ With respect to the first issue raised by the appellant, we conclude that the District Court did not abuse its discretion when it declined to instruct the jury that it could not impute knowledge to Barbati that one of the automobiles was stolen from the fact that Barbati's girlfriend lied on the vehicle registration form. We conclude that the District Court had a rational basis for declining to give the instruction. Moreover, the court's instructions taken as a whole, fairly and accurately presented the issues of this case to the jury.

■ With respect to the second issue, we likewise conclude that the District Court did not err when it adjusted the appellant's offense level upward by two levels for the specific offense characteristic of more than minimal planning. The appellant received three stolen cars and engaged in repeated acts over a period of time. This would support a finding of more than minimal planning. We conclude that the District Court did not commit clear error by so finding.

## III.

In sum, for the foregoing reasons, we will affirm the judgment of the District Court entered April 27, 2001.